# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### AUGUST 1998 SESSION

**FILED**

**October 6, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 01C01-9710-CC-00478** |
| Appellee, | ) | |
| | ) | **ROBERTSON COUNTY** |
| VS. | ) | |
| | ) | **HON. ROBERT W. WEDEMEYER,** |
| **JASON L. WINCHESTER,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:           FOR THE APPELLEE:

**WILLIAM R. UNDERHILL**        **JOHN KNOX WALKUP**
512 Main St.                  Attorney General & Reporter
Springfield, TN 37172

                                    **DEBORAH A. TULLIS**
                                    Asst. Attorney General
                                    John Sevier Bldg.
                                    425 Fifth Ave., North
                                    Nashville, TN  37243-0493

                                    **JOHN W. CARNEY**
                                    District Attorney General

                                    **DENT MORRISS**
                                    Asst. District Attomey General
                                    500 South Main St.
                                    Springfield, TN 37172

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

# O P I N I O N

The defendant pled guilty to burglary, carjacking, and aggravated assault. Ultimately, he received an effective sentence of thirteen years incarceration: ten years for carjacking; five years for aggravated assault, to be served concurrently with the carjacking sentence; and three years for burglary, to be served consecutively to the ten year carjacking sentence. The defendant now appeals, arguing that the trial court improperly imposed consecutive sentences under T.C.A. § 40-35-115. We affirm.

In April 1996, while under the influence of alcohol, marijuana and cocaine, the defendant burglarized a residence and stole several items of personal property, which he took back to his house. He admits he intended to sell the property he had stolen. The defendant was arrested and confessed to the burglary later that day.

Three months later, again under the influence of alcohol and crack cocaine, the defendant and a codefendant approached a vehicle with three individuals sitting inside the vehicle and one pumping gas. The codefendant pointed a pistol at the individual pumping gas and threatened to kill all of them if the three passengers did not exit the vehicle. Meanwhile, the defendant held a screwdriver in a threatening manner. Once the passengers exited the car, the defendant and codefendant drove away, apparently on their way to Springfield so the defendant could fight another person. They were arrested after they crashed the vehicle several miles away. After he was transported to the police station, the victims identified the defendant and codefendant. During an interview with one of the police detectives, the defendant repeatedly threatened to kill the arresting officer.

2

On July 23, 1996, the defendant was indicted for aggravated burglary and for theft over five hundred dollars ($500). On October 28, 1996, the defendant was also indicted for reckless endangerment, carjacking, evading arrest, and four counts of aggravated assault. Six months later, the defendant entered an open guilty plea to burglary, carjacking, and one count of aggravated assault.

At the sentencing hearing, the trial court sentenced the defendant to incarceration for three years for his burglary conviction, eleven years for his carjacking conviction, and five years for his aggravated assault conviction. After finding, by a preponderance of the evidence, that the defendant "has an extensive record of criminal activity" and "is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high," the trial court ordered the defendant to serve the eleven year carjacking sentence consecutive to his five year aggravated assault sentence and his three year burglary sentence. The defendant moved to amend his sentences. After determining that the defendant's sentence should be modified in order to correct any disparity between the defendant's sentence and his codefendant's sentence, the trial court filed an amended judgment and reduced the defendant's sentence for carjacking from eleven to ten years. The trial court further amended the defendant's sentence to reflect that the three year burglary sentence would run consecutive to his ten year carjacking sentence, but concurrent with his five year aggravated assault sentence.

The defendant now appeals, arguing that the trial court improperly ordered consecutive sentences under T.C.A. § 40-35-115(b)(2) & (4). First, even though neither party mentions Tennessee Rule of Criminal Procedure 32(c)(3)(C),[1] we note that we fail

---

[1] This rule provides for mandatory consecutive sentences where a defendant commits a felony while on bail for another crime and is convicted of both crimes.

to see how Rule 32(c)(3)(C) would not apply in this case to require mandatory consecutive sentences for the defendant. The record indicates that the defendant was arrested in April 1996 on the burglary charge, and if that is true, then the defendant would have been released on bail at the time he committed the carjacking and aggravated assault offenses. Despite this, however, the trial court and assistant district attorney general agreed that T.C.A. § 40-35-114(13)(A)[2] would not apply to enhance the defendant's sentence, a decision that we do not understand given the record before us. Rule 32(c)(3)(C) was never discussed on the record. We cannot remedy this apparent discrepancy on appeal, but we note that if, in fact, the defendant had been released on bail for the burglary offense at the time he committed the carjacking and aggravated assault offenses, Rule 32(c)(3)(C) would require mandatory consecutive sentencing.

We can dispose of this case without resolving this problem in the record, however. The trial court may, in its discretion, impose sentences to run concurrently or consecutively. T.C.A. § 40-20-111(a). The Legislature has provided for various instances when consecutive sentences may be appropriate, including when the trial court finds, by a preponderance of the evidence, that the defendant "is an offender whose record of criminal activity is extensive" or "is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." T.C.A. § 40-35-115(b)(2), (4). Either of these findings, or any of the other findings enumerated in § 40-35-115(b), would qualify a defendant for consecutive sentencing. In this appeal, the defendant first contends that his record of criminal activity is not so extensive as to justify consecutive sentences. See § 40-35-115(b)(2). We disagree.

---

[2]This statute provides that a defendant's sentence may be enhanced for a felony offense if it was committed while on bail for another felony offense and the defendant is ultimately convicted of both offenses.

The record reflects that the defendant, age seventeen at the time he committed the offenses in this case, was convicted as a juvenile for disorderly conduct and for "violation of a valid court order" for truancy. From late 1996 to early 1997, while the disposition of the instant cases remained pending, he was arrested for public intoxication, twice convicted of contributing to the delinquency of a minor, and once convicted for violating his probation. Also, the defendant admits drinking alcohol, smoking marijuana, and using crack cocaine "on a regular basis," if not every day then every other day. Given this sort of criminal behavior, the trial court did not err in finding that the defendant had an extensive record of criminal activity under § 40-35-115(b)(2).

"When a defendant falls within the statutory classifications for eligibility to be considered for consecutive sentencing, the only remaining considerations are whether (1) the sentences are necessary in order to protect the public from further misconduct by the defendant and (2) 'the terms are reasonably related to the severity of the offenses.'" State v. Zachery L. Barnes, C.C.A. No. 01C01-9704-CC-00138, Rutherford County (Tenn. Crim. App. filed March 5, 1998, at Nashville)(citing State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn.1995)). Here, the trial court failed to make these findings on the record. Even so, the defendant admitted drinking alcohol, smoking marijuana, and using crack cocaine to excess nearly every day, including the days he committed the crimes charged in this case. Supposedly, the defendant attended a drug rehabilitation program in December 1996, but he also admitted that since then, he has consumed alcohol, which is contrary to the program's plan of aftercare. Besides his underage drinking and illegal drug use, the defendant's criminal record indicates a steadfast disregard for authority and refusal to adjust his behavior to society's standards. Instead, with the instant offenses of burglary, carjacking, and aggravated assault, the defendant's behavior has escalated to a more violent and dangerous nature. The defendant, intoxicated on alcohol and

5

drugs, burglarized a home and intended to sell the property he had stolen, but unfortunately for him, he was arrested before he could do so. Then, three months later and again intoxicated on alcohol and drugs, the defendant and his codefendant threatened several people with dangerous weapons in order to hijack a car so he could travel to Springfield to fight another person. When later arrested, the defendant repeatedly threatened the life of the arresting officer. Under such circumstances, consecutive sentences are necessary to protect the public from the defendant's misconduct and are reasonably related to the severity of the offenses committed. See Barnes, C.C.A. No. 01C01-9704-CC-00138. As such, the trial court did not abuse its discretion in imposing consecutive sentences under § 40-35-115(b)(2).

Because the defendant's eligibility for consecutive sentences must be shown under only one of the statutory classifications listed in § 40-35-115(b), we need not address the defendant's other argument that the trial court erred in ordering consecutive sentences on the basis he is a "dangerous offender" as defined in § 40-35-115(b)(4). The defendant's sentences are affirmed.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
THOMAS T. WOODALL, Judge


_____
L. TERRY LAFFERTY, Special Judge


6